ON REHEARING EX MERO MOTU
On September 28, 1990, this appeal was submitted for decision. The judgment was affirmed, without opinion, on November 30, 1990, 575 So.2d 1261, with the following order:
 "Affirmed. No Opinion. The judgment of the circuit court is affirmed for the following reasons: 1) The contention that reversible error exists because one of the two indictments was not read to the jury is without merit. 2) The contention that the grand jury which returned the indictments was improperly selected is a bare allegation without factual support in the record. All Judges concur."
On December 3, 1990, the appellant filed a supplemental record containing a stipulation between defense counsel and the district attorney dated "the _____ day of October, 1990," and apparently filed in the office of the circuit clerk during the first week in October. That stipulation is to the effect that, in the Wilcox County case of State v. Gates, CC-89-82, the circuit court by order entered March 26, 1990, found that the jury commission had failed to comply with the provisions of Ala. Code 1975, § 12-16-60(b)(2), by failing to notify the rejected veniremembers of their disqualification, "fail[ing] to keep appropriate records as required by law," and "exclud[ing] prospective jurors for reasons other than those allowed by law." In that order, the circuit court concluded:
 "In view of the foregoing, it is clear that the statutory requirements have not been complied with by the jury commission. Without question, any further proceeding herein by the jury venire as presently impaneled would be in clear violation of statutory requirements. The facts and the law in this matter are so clearly obvious and without contradiction that it would be totally irresponsible to allow this cause to go to trial knowing the certainty of the reversal of any decision and the hardships that would be placed upon the parties as a result thereof. Therefore, the proper administration of justice leaves this Court with no alternative *Page 72 
other than to grant the Motion [to quash the indictment and the jury venire] filed by the Defendant herein. . . ."
It appears that the appellant has been negligent in presenting this court with an accurate record of his trial and conviction. The stipulation of defense counsel and the prosecutor, and the order of the trial court directing that that stipulation be included in the record on appeal were all entered after the briefs in this case had been filed and after the case had been submitted for decision. Furthermore, this Court still cannot determine whether the evidence presented in the Gates case was presented to the circuit court in this case.
However, to allow the affirmance of this case to stand would be to invite post-conviction proceedings and delay in the final adjudication of this cause. Therefore, the order of this Court dated November 30, 1990, is hereby set aside. The submission of this cause is also set aside. This cause is remanded to the circuit court, vesting that court with the jurisdiction to take whatever action, if any, is deemed necessary in this case. If the circuit court determines that no further action is necessary, it shall enter an order so stating and containing specific findings as to 1) whether the issue of the jury commission was properly presented in this case, and 2) why the order entered in the case of State v. Gates, Wilcox County CC-89-82, March 2, 1990, should not or does not apply in the appellant's case. Within 30 days from the date of this opinion, the circuit court shall file with this Court a copy of the order entered in this cause.
ORDER OF THIS COURT DATED NOVEMBER 30, 1990, SET ASIDE; SUBMISSION OF THIS CAUSE SET ASIDE; REMANDED WITH INSTRUCTIONS.
All Judges concur.
 ON RETURN TO REMAND